Per Curiam.

(Absente, the Chief Justice.) As it is suggested that further light can be thrown on the case, and *new evidence appears to have been discovered, [*405] we think, without expressing any opinion on the merits of the case, that a new trial ought to be granted, on the payment of costs.(a) We consider the paper offered at *482 the trial and rejected, as a nullity, and wholly inadmissible; it is neither a record, nor a copy of a deed.
New trial granted.(a)

 In the case of Doe v. Roe, 1 Cowen, 216, 217, the court say;—“Applications for a new trial upon, these feigned issues, have, in several instances, been made to this court, without objection: as appears from the cases cited by the plaintiff’s counsel; (Doe v. Roe, principal ease; Same v. Same, sup. 25; Den v. Fen, 1 Caines’ R. 487 ;) but they are also entertained in the court of chancery; and the statute seems tó contemplate the latter court, as the proper tribunal for this purpose. Without saying, therefore, whether we have, power to hear and determine the motion for a new trial in this cause, we order it to be stricken from the calendar, on the ground, that this is a matter more properly cognizable in the court of chancery.” But a motion for a new trial upon an issue directed by a court of equity, must now be made in that court, as well where the point relates to the admissibility of evidence, as on other occasions j, Apthorpe v. Comstock, cited infra; Bowker v. Nixon, 6 Taunt. 444; 4 Chit. Geni. Prac; 82; Newland’s Ch. Pr. 179; and the reason of this is, that the issue is ordered to satisfy the conscience of the chancellor. Lord Faulconbridge v. Pierce, Ambl., 210, and vide 9 Ves. 165; Carstairs v. Stein, 2 Rosl. R. 178; Fowkes v. Chadd, 2 Dickens, 576; Ex parte Kensington, Cooper, 96. With regard to the principles upon which courts of equity, will act in granting new trials, MPCoun, vice chancellor, observes in the case of - v. -, 1 Edwards’. Ch. R. 18 ; “ It is well understood that the same rules which formerly governed courts of law, in granting new trials, upon the ground of testimony improperly admitted or rejected have never been adopted, or adhered to by the court of chancery. Even courts of law have latterly undertaken to judge for themselves, of the materiality of the evidence found to have been improperly .admitted, or rejected; and where they have been satisfied that no injustice has been done, and the verdict would have been the same, with or without such evidence, they have refused to grant a new trial. Lord Teynham v. Tyler, 6 Bing. 56. In this court, the object of a feigned issue is to satisfy the mind of the equity ‘ judge upon matters of fact; and the- object is attained, when the conscience-of the judge is satisfied that at the trial, justice has, upon the- whole, bee» *482 substantially done. This is the principle laid down in Collins v. Hare, 1 Dow’s Rep. N. S. 139 ; S. C. 2 Bligh’s Rep. N. S. 106. In Barker v. Ray, 2 Russell, 63, Lord Eldon says, that this court in granting or refusing, new trials, proceeds upon very different principles from those óf a court of law, and that it has been, ruled over and over again, that if on a trial of an issue, a judge reject evidence which ought- to have been received, or receive evidence which ought to have been rejected, though in that case, a court of law would grant a new trial, yet if this court is, satisfied the verdict ought not to have been different, it will not grant a new trial, merely upon such grounds. In Bootle v. Blundell, 19 Ves. 503, the same principle is stated ; and also, in Hampson v. Hampson, 3 Ves. & B. 41. So in Savage v. Carroll, 2 Ball & Beatty, 444, where it was insisted the verdict had not been supported by the evidence, Lord Manners refused to set it aside, acting upon the principle, that from the whole case, there was sufficient to show it was substantially right. I must act upon the same principle here, and must therefore deny the defendant a new trial.” See also upon the general principle, Head v. Head, 1 Sim. & Stu, 150. Turn. & Russ. 42, S. C. on appeal. Barker v. Ray, 2 Russ. 63. Apthorpe v. Comstock, 2 Paige, 482, 487, 488.

 Old note, The original,suit is still pending in the court of chancery.”