(15 App. Div. 246.)

### ARMSTRONG v. COMBS et al.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. ACKNOWLEDGMENT—BEFORE PARTY TO INSTRUMENT—VALIDITY.
   An acknowledgment of an assignment of mortgage before one of the assignees as notary is a nullity, and therefore the record of such assignment is not constructive notice.

2. MORTGAGES—ASSIGNMENT—NOTICE OF DEFECTS IN RECORD.
   The assignee of a mortgage is charged with notice that the assignment to her assignors, which designated them only by their firm name, was acknowledged before one of them, where the assignment by them stated their individual names.

3. SAME—PAYMENT—NEGLIGENCE OF MORTGAGOR.
   The mere fact that an assignee of a mortgage is not in possession of the bond and mortgage does not make it negligence for the mortgagor to make payment to her, where her assignment was first in time, but was not recorded until after another assignment by the mortgagee, the acknowledgment of which was void.

Appeal from judgment on report of referee.

Action by Mary Jane Armstrong against Edward Combs and others to foreclose a mortgage. From a judgment of foreclosure, defendant Combs appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

L. C. Aldrich and T. D. Trumbull, Jr., for appellant.
Charles P. Coyle and A. Armstrong, Jr., for respondent.

MERWIN, J. The mortgage sought to be foreclosed in this action is dated May 10, 1889, was executed by James M. Tucker to Joseph Wood, and duly recorded May 10, 1889. On March 1, 1890, Joseph Wood assigned and delivered the mortgage and the bond accompanying the same to Mary Jane Wood for a good and valuable consideration, the assignment being recorded on May 15, 1891. On the 10th September, 1890, Joseph Wood, as the referee finds, assigned this same bond and mortgage to Charles P. Coyle and John H. Cunningham, and delivered to them the same, with the assignment, the latter being recorded December 24, 1890. On the 7th day of May, 1891, Coyle & Cunningham executed and delivered to the plaintiff an assignment of the said bond and mortgage. This is expressed to be "for a good and valuable consideration to them in hand paid by the said party of the second part." The bond and mortgage were delivered with the assignment, and the latter was recorded on 12th May, 1891. On the 28th April, 1891, Tucker, the mortgagor, conveyed the premises covered by the mortgage to the defendant Combs, the latter assuming and agreeing to pay the mortgage. The deed to Combs was recorded September 23, 1891. On September 1, 1891, Combs paid the mortgage to Mary Jane Wood, and took from her a discharge, which was recorded June 15, 1892.

The question here is whether the payment by Combs to Mary Jane Wood is available against the plaintiff. There is evidence tending to show that Coyle & Cunningham, when they took their assignment, knew of the assignment to Mrs. Wood. The referee, however, does not pass on this question, but finds that the plaintiff was a purchaser in good faith, and is entitled to protection, as the assignments from Joseph Wood to Coyle & Cunningham, and from them to the plaintiff, were recorded before the assignment to Mary Jane Wood. The finding that the plaintiff is a purchaser for value, without notice, rests only on presumptions to be drawn from the recital in the assignment to her. The acknowledgment by Joseph Wood of the assignment to Coyle & Cunningham was taken before Mr. Cunningham, one of the assignees, as notary public. The defendant claims that such an acknowledgment is a nullity, and that, therefore, the assignment was not properly recorded, and, if not, did not give to Coyle & Cunningham, or the plaintiff, their assignee, any priority over the prior assignment to Mrs. Wood. We are not referred to any case in this state where the right of a grantee or assignee to take the acknowledgment of the execution of the instrument has been passed upon. In Goodhue v. Berrien, 2 Sandf. Ch. 630, it is said that, if the witness sworn by a commissioner of deeds to identify the grantor in a conveyance is

the grantee, the certificate of the officer of its due acknowledgment furnishes no proof of its execution.    In Lynch v. Livingston, 6 N. Y. 422, it was held that relationship to the parties did not disqualify an officer from taking the acknowledgment, it being said that the act of taking and certifying the acknowledgment was a ministerial act. This case was followed in Paper Co. v. O'Dougherty, 81 N. Y. 474. In other states the question has been frequently considered, and quite uniformly it has been held that an acknowledgment by the grantor before the grantee is a nullity.    Groesbeck v. Seeley, 13 Mich. 330; Laprad v. Sherwood, 79 Mich. 520, 44 N. W. 943; Hammers v. Dole, 61 Ill. 307; Wilson v. Traer, 20 Iowa, 231; Bank v. Radtke, 87 Iowa, 363, 54 N. W. 435; Hubble v. Wright, 23 Ind. 322; Bowden v. Parrish, 86 Va. 68, 9 S. E. 616; Wasson v. Connor, 54 Miss. 351; Hogans v. Carruth, 18 Fla. 587; Tied. Real Prop. § 810; 3 Washb. Real Prop. (4th Ed.) 314; 1 Am. & Eng. Enc. Law (2d Ed.) 493, and cases cited. In some cases it is said to be against public policy to allow the grantee to be the acknowledging officer; that such a rule would leave a broad door open to the perpetration of frauds, and tend greatly to defeat the purpose of the registration laws.    In others it is said that the act is a quasi judicial one, and so not to be done by one in his own interest.    In the Groesbeck Case it was said:  "We should have no hesitation in holding that a person could not take the acknowledgment of a deed made to himself.    Such a point is too plain for doubt." In some cases the questions were under recording acts, and the same rule was applied.    In the case from 87 Iowa, 363, 54 N. W. 435, the mortgage was to a partnership, and the acknowledgment was before a notary who was one of the firm, though his name did not appear on the face of the instrument.    It was held that the acknowledgment was void, and the mortgage not entitled to record, and the record in fact made not constructive notice.    The object of acknowledgment and record is to make title secure, and prevent frauds in conveyancing, as well as to furnish proof of the due execution of conveyances.    A history of the practice on that subject in this state will be found in Van Cortlandt v. Tozer, 17 Wend. 338.    The early acts will be found in 3 Rev. St. (1st. Ed.) Append. 5–46.    It is very plain that, when the right to acknowledge was provided for, it was not contemplated that the officer could be one of the parties to the instrument.    The object of the act and the manner in which it was required to be done were utterly inconsistent with such an idea.    A good deal of the formality has since disappeared, but the object remains, and the law should be construed in the light of its original object and scope.    The statute does not in terms say that a grantee may or may not be the acknowledging officer.    It should not be deemed to give that right, without an express provision to that effect.    "A thing within the letter is not within the statute if contrary to the intention of it."    People v. Utica Ins. Co., 15 Johns. 358; Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188; Smith, Const. Const. § 701.    It should be held, I think, that the acknowledgment before one of the assignees was a nullity.    He was a party to the record, and therefore disqualified.    In some cases it is said that, if the defect is not apparent on the record, it may operate as constructive notice.    Bank v. Hove,

45 Minn. 40, 47 N. W. 449. If not duly acknowledged, it is not properly on record, and, if not properly there, it is not constructive notice. In 4 Kent, Comm. 174, it is said: "A deed unduly registered, either from want of a valid acknowledgment or otherwise, is not notice, according to the prevailing opinion in this country." See, also, Doe v. Roe, 1. Johns. Cas. 402; 1 Story, Eq. Jur. § 404; Lemmer v. Morison, 89 Hun, 277, 35 N. Y. Supp. 623.

In the assignment to Coyle & Cunningham the parties of the second part are described as "Coyle & Cunningham," and the name of the notary as signed is "John H. Cunningham." In the assignment to plaintiff the parties of the first part are described as "Charles P. Coyle & John H. Cunningham, composing the firm of Coyle & Cunningham," and in the body of the instrument, reference is made to the prior assignment as "to Charles P. Coyle and John H. Cunningham, composing the firm of Coyle & Cunningham." The plaintiff, when she took her assignment, is presumed to have known its form and contents; and if she examined the assignment to her assignors, as she is presumed to have done, she presumptively knew that the notary was one of the parties. There is no proof that she did not know it, or as to what she paid for the mortgage, except the recital in the assignment. We must therefore assume that the plaintiff knew the fact constituting the defect, and so not in a position to say, although in a proper case she might have a right to say, that as to her the record should not be deemed to be defective. If the assignment to Coyle & Cunningham had been properly acknowledged and recorded, its priority of record to the assignment to Mary Jane Wood would have been constructive notice to Combs of a prior right. Brewster v. Carnes, 103 N. Y. 556, 9 N. E. 323. As, however, it was not properly recorded, it would not be such notice, and Combs had a right to pay to Mrs. Wood, although the assignment to plaintiff herself was recorded before Mrs. Wood's. Page v. Waring, 76 N. Y. 463.

It is, however, claimed on the part of the plaintiff that Combs, in paying Mrs. Wood without the production and surrender of the bond and mortgage, was guilty of laches, and therefore still liable to plaintiff. The assignment to Mrs. Wood was first in time, and is found by the referee to be valid as between the parties. The subsequent attempted transfer by the mortgagee was therefore in fraud of the rights of Mrs. Wood. She continued to be the owner, and entitled to payment, unless the plaintiff, by virtue of the recording act, acquired a better right. Failing in that, the possession of the bond and mortgage, through the fraud of the mortgagee, did not of itself give the plaintiff any right to demand payment as against Mrs. Wood, the transfer to whom was on record when the payment was made to her. Mrs. Wood, as against the plaintiff, was entitled to payment The claim of laches is not, we think, made out. Nor is the evidence sufficient to establish an estoppel against Mrs. Wood from claiming payment, by reason of the fact that she did not have possession of the bond and mortgage. It follows that the judgment must be reversed.

Judgment reversed, referee discharged, and new trial granted; costs to the appellant to abide the event. All concur.