In re SUGENHEIMER.

(District Court, S. D. New York. January 9, 1899.)

BANKRUPTCY—PROOF OF CLAIMS — FOREIGN CONSUL —POWER OF ATTORNEY —
SUPREME COURT RULES.

In view of the provision of section 20 of the bankrupt act of 1898, allowing oaths to be administered by diplomatic or consular officers in any foreign country, *held*, that an acknowledgment of a power of attorney before a foreign consul was sufficient to authorize the proof of the creditor's claim before the referee, rule 21 of the supreme court (18 Sup. Ct. vii.) not apparently contemplating such a case; *held* also that a power duly executed to either of three persons as substitutes, but acknowledged before one of them, might be lawfully executed by either of the other two.

In Bankruptcy.

F. W. & A. E. Hinrichs, for George C. Mecke & Co.

BROWN, District Judge. The referee in charge has certified to the court for decision the question whether certain powers of attorney had been properly executed so as to allow a vote by proxy upon a claim of the firm of George C. Mecke & Co. of Bremen, Germany, against the bankrupt. The creditor firm executed before the United States consul at Bremen on February 12, 1897, a very broad power of attorney, which I find was sufficient to authorize proof of their claim in bankruptcy, and a vote in the bankruptcy proceedings, either by the attorneys, or by their substitutes, if the powers were properly executed.

It is objected that rule 21 of the supreme court in bankruptcy (18 Sup. Ct. vii.) subd. 5, provides only that "the execution of any letter of attorney to represent a creditor * * * may be proved or acknowledged before a referee or a United States commissioner, or a notary public," but does not admit proof or acknowledgment before a foreign consul.

The language of the rule, it will be observed, is not exclusive, and the different clauses taken together seem to indicate that the proof of claims of foreign creditors was not within the contemplation of the court in framing this part of the twenty-first rule. Section 20 of the act of congress, provides that "oaths" required by the act may be administered "* * * (3) by diplomatic or consular officers of the United States in any foreign country." It is hardly to be supposed that the court could have intended to exclude the proof of foreign letters of attorney before such officers as United States consuls, when these are expressly empowered by the act to administer oaths in bankruptcy proceedings. I therefore decide that the acknowledgment of this power of attorney was sufficient.

2. Mecke & Co. of New York, the attorneys named in the above power of attorney, by Hugo Volkening, one of its members, executed on December 28, 1898, in New York, a letter of attorney appointing three substitutes to vote at creditors' meeti s as proxies for the Bremen firm, and acknowledged it before E. ... Pfeffer, one of the substitutes. This power authorizes the three substitutes or "either one of them" to vote at creditors' meetings upon the claim of the

Bremen firm. I think the acknowledgment before Pfeffer was irregular as respects him. I see no reason, however, why it should not be valid as respects either of the others, so that either of the other two substitutes may lawfully act under it.

Ordered accordingly.