In re GROSSMAN.

(District Court, S. D. New York. March, 1915.)

1. ACKNOWLEDGMENT ⬦⟾20—BANKRUPTCY—POWER OF ATTORNEY TO REPRESENT CREDITOR.

A power of attorney to represent creditors in the election of a trustee cannot legally be acknowledged before the attorney to whom the power runs as a commissioner of deeds.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 104–111; Dec. Dig. ⬦⟾20.]

2. BANKRUPTCY ⬦⟾125—REVIEW OF ACTION OF REFEREE—WHO MAY MAINTAIN PROCEEDINGS.

A defeated candidate for trustee has no standing or interest which entitles him to maintain a proceeding to review the action of the referee in excluding votes, which can only be done by a creditor whose vote was excluded or by his representative.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 170, 180, 181, 183, 184; Dec. Dig. ⬦⟾125.]

In Bankruptcy. In the matter of Isadore Grossman, bankrupt. On petition to review the action of the referee in excluding from consideration votes cast by a commissioner of deeds acting under a power of attorney acknowledged before himself. Affirmed.

Archibald Palmer, of New York City, for petitioner.

Joffe & Strausman, of New York City (Joseph Joffe, of New York City, of counsel), for respondent.

HOUGH, District Judge. [1] The power is so drawn as to run to two persons—one, the attorney who brings on this proceeding; and the other, the commissioner of deeds, who is in the attorney's office.

I see no reason to disagree with the ruling of Brown, J., in the case relied upon by the referee, In re Sugenheimer (D. C., N. Y.) 1 Am. Bankr. Rep. 425, 91 Fed. 744; and Mr. Joffe has furnished a long and accurate list of decisions to the same effect in other states. I am content to follow, not only Judge Brown's ruling, but that of our state courts in Armstrong v. Combs, 15 App. Div. 246, 44 N. Y. Supp. 171. Apart from any technical reasons, it is obviously dangerous practice to permit a person authorized to take affidavits and acknowledgments to do so "before himself." Affidavit making is easy enough under any circumstances, but to permit a notary public or commissioner of deeds to solemnly attest to his own veracity or identity is going a great deal too far.

[2] There is another technical defect in this proceeding which should be pointed out in the interests of good practice. This petition for review is taken by the receiver, who was a candidate for the office of trustee, and was defeated by the rejection of the self-executed powers of attorney. I do not think that any right of Mr. Clark was violated by the referee's ruling. It is true that he was defeated for the office of trustee; but he had no interest in that office, nor any right to be trustee.

The only persons who could appeal by petition for review were those whose votes had been cast out. I think the commissioner of deeds could have appealed, but that would only have been by reason of his representation of the creditors, who were the real parties in interest.

The petition is dismissed, and the decision affirmed.