**In** the Matter of the Application of JOSEPH S. CASLER, Petitioner, for a Mandamus Order against the BOARD OF ELECTIONS OF HERKIMER COUNTY, N. Y., Respondent.

Supreme Court, Herkimer County, April —, 1928.

**Elections** — designating petition by candidate for member of State committee — verification by subscribing witness taken before himself as notary is insufficient under Election Law, § 135, and Executive Law, § 105, subd. 2 — board of elections may determine validity of verification under Election Law, § 142 — court may pass on question in proceedings under Election Law, § 330 — petition may not be amended nunc pro tunc — petition does not contain number of names required by Election Law, § 136, subd. 2.

A petition designating a candidate for member of the State committee is insufficient, under section 135 of the Election Law, where the subscriber swears to the instrument before himself as a notary public. Such verification is a nullity under subdivision 2 of section 105 of the Executive Law.

The board of elections has authority under section 142 of the Election Law to determine the validity of such a petition although no objections have been filed thereto.

On an application for an order of mandamus directing the board of elections to place the name of the petitioner on the official ballot as a candidate for member of the State committee, the court has jurisdiction under subdivision 1 of section 330 of the Election Law to consider and pass upon the question of the validity of the verification of the designating petition, but the court has no power under said section to amend the petition by permitting the subscribing witness to swear to his affidavit *nunc pro tunc.*

The petition presented does not contain the number of names required by subdivision 2 of section 136 of the Election Law and, therefore, the application for an order of mandamus is denied.

APPLICATION for an order of mandamus directing Leo Lawrence and Clinton Griffin, as commissioners of election constituting the board of elections of Herkimer county, to print and place on the official ballot to be voted for at the primary election on April 3, 1928, in Herkimer county the name of Joseph S. Casler, the petitioner herein, as candidate for member of the State committee of the Democratic party.

*Harold Hartness* [*I. I. Marks* of counsel], for the petitioner.

*George H. Bunce,* for Board of Elections.

*N. G. Powers,* for Dineen.

*M. Wm. Bray,* for Robinton, chairman Democratic county committee.

WILLIAM F. DOWLING, J.    The above proceeding came on to be heard before me at Utica, N. Y., on the 23d day of March, 1928. Upon the close of the evidence I held that the petitions of the peti-

tioner were duly filed. I further held that the petitioner was not entitled to have counted for him the sheets contained in Exhibit 1 and numbered 9, 15, 17, 19, 20, 21, 22, 23, 24, 25. The petitioner is entitled to have counted for him 131 names on Exhibit 1 and 28 names on Exhibit 2, making a total of 159 names. To entitle the petitioner to a place upon the ballot in said primary it is necessary that he have petitions containing the names of 218 properly enrolled Democratic voters.

Mr. D. V. Reardon procured for the petitioner 119 signatures which appear on sheets 4 to 16, inclusive, of Exhibit 2. These sheets contained, in accordance with the statute, a " witness form of affidavit." This form of affidavit was properly subscribed by Mr. Reardon. Mr. Reardon failed to go before some proper officer to swear to the said form of affidavit. He swore to it before himself as notary public. In other words, he took the verification to his own affidavit. Such verification is a nullity. (Executive Law, § 105, subd. 2, as amd. by Laws of 1926, chap. 659; *Armstrong* v. *Combs,* 15 App. Div. 246, 249.)

Section 135 of the Election Law (as amd. by Laws of 1923, chap. 597) provides for the form of a designating petition. This section provides that the petition also may be authenticated as to all the signatures on a separate sheet by appending at the bottom of such sheet an affidavit of a witness who is a duly qualified voter of the State as to the subscription thereof. Sheets 4 to 16 of Exhibit 2 contain no such affidavit. An examination of said sheets readily discloses the fact that the signatures of the subscribing witness, D. V. Reardon, and of the notary public, D. V. Reardon, are in the same hand.

The Election Law does not specifically define the duties and powers of boards of election. Section 142 of the Election Law provides that a written objection to any petition may be filed within three days after the filing of the petition, and that when determination of such objection is made or no objection having been filed when a determination is made that a petition is insufficient, such board of elections shall give notice of the determination forthwith by mail to each candidate named in the petition, and after the determination is made upon the objections, to the objector. No objections were filed to the petition of the petitioner herein. The board of elections, however, determined that sheets Nos. 4 to 16, inclusive, of Exhibit 2 were not properly verified and that that part of the petition known as Exhibit 2 did not comply with section 135, *supra.*

The said board of elections sent to the petitioner the following notice:

" Herkimer, N. Y.

" Mr. Joseph Casler,                         *March 9th*, 1928.
      " Little Falls, N. Y.:

" Dear Sir.— We regret to inform you that your name will not appear on the Primary Ballot as candidate for Member of the State Committee.

" The question in regard to your petition was taken up with County Attorney Bunce, and he advises us that in his opinion the petition does not contain enough signatures, properly verified, nor was the petition filed in time, to allow your name to appear on the Primary Ballot.     " Very truly yours,
                        " BOARD OF ELECTIONS.
                              " Leo A. Lawrence,
                                    " *Secretary, D.*"

I think the said board of elections had the power to determine as to whether or not sheets 4 to 16, inclusive, were properly verified and that their determination to the effect that they were not properly verified was correct. If they did not have the power to pass upon that question in the first instance, I think the question was properly raised in their answer to the petition herein, and that the court has the power, under subdivision 1 of section 330 of the Election Law (as amd. by Laws of 1924, chap. 405), to consider and pass upon the question in this proceeding. Section 330 provides as follows:

" Summary jurisdiction. The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require.

" 1. The designation of any candidate, in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred and forty-two, but a proceeding under this subdivision must be instituted within ten days after the last day to file petitions."

I think that even under the broad powers conferred by section 330 of the Election Law, the court has not the power to amend the petition herein by permitting Mr. Reardon to swear to his affidavit *nunc pro tunc* as of March 6, 1928. (*Matter of King*, 155 App. Div. 720, 722, 723.) To permit such an amendment to the petition herein would be the equivalent of permitting the petitioner to file a new petition as of this date.

One hundred and nineteen names contained upon said sheets

4 to 16, inclusive, cannot be properly counted for the petitioner. The petition as filed contains only 159 names, which is 59 less than three per cent of the enrolled voters of the Democratic party in the county of Herkimer.   The petition, therefore, does not comply with the provisions of subdivision 2 of section 136 of the Election Law.   The petitioner, therefore, was not entitled to have his name appear on the primary ballot as a candidate for State committeeman in the county of Herkimer.

The application for the order sought herein is denied and the petition is dismissed upon the merits, without costs.

Ordered accordingly.