OPINION OF THE COURT
Joel B. Gewanter, J.
The court is faced with a matter of apparent first impression, dealing with the validity, or lack thereof, with regard to a mat *1007 ter wherein a pro se landlord has acted as the notary public on the affidavit of service of the petition and notice of petition in this nonpayment summary proceeding.
The issue arises upon an unopposed motion by the respondent tenant to vacate a default judgment in which said tenant contests jurisdiction by alleging that she was never served. The papers are handwritten and the same distinctive handwriting appears on the petition, the notice of petition and in the body of the affidavit of service thereof, and, as above stated, the petitioner is the notary thereon. Under the circumstances, the court’s alternatives would be: (a) deny the motion (which would not be appropriate in this unopposed application); (b) schedule a traverse hearing (with or without the judgment remaining as collateral pending such determination); or (c) dismiss the proceeding if service appears improper — or—if the affidavit of service is deemed a nullity by reason of such petitioner’s notarization thereon.
The court has been unable to find any specific precedent for guidance, although an analogy can be drawn to early cases which deal with a notary who has an interest in a matter wherein such notary had taken an acknowledgment on a deed. Citing decisions in other States, the Appellate Division, Third Department, in its 1897 decision in Armstrong v Combs (15 App Div 246), held that acknowledgment to be a nullity and, as a result, the assignment of a mortgage was declared void. The Court stated that “it is said to be against public policy to allow the grantee to be the acknowledging officer; that such a rule would leave a broad door open to the perpetration of frauds and tend greatly to defeat the purpose of the registration laws” (supra, at 248-249). Discussing, generally, the history of the early statutes, the Court stated: “A good deal of the formality has since disappeared, but the object remains and the law should be construed in the light of its original object and scope. The statute does not in terms say that a grantee may or may not be the acknowledging officer. It should not be deemed to give that right without an express provision to that effect. ‘A thing within the letter is not within the statute if contrary to the intention of it.’ (People v. Utica Ins. Co., 15 Johns. 358; Riggs v. Palmer, 115 N. Y. 506; Smith’s Comm, on State Const. Law § 701.)” (Armstrong v Combs, supra, at 249.)
This decision was cited by that same Appellate Division, Third Department, in 1905 in People ex rel. Erie R. R. Co. v Board of R. R. Commrs. (105 App Div 273) with regard to acknowledgment of the signatures on a certificate of incorporation wherein three such signatures were notarized by another *1008 signatory (there were a total of 16) to that certificate. That Court, again referring to the intent when the statute was enacted, stated: “It is very plain that when the right to acknowledge was provided for, it was not contemplated that the officer could be one of the parties to the instrument. The object of the act and the manner in which it was required to be done were utterly inconsistent with such an idea.” (Supra, at 276.)
On the issue that the statute (now Executive Law §§ 134-138) does not specifically prohibit such an act, following the similar holding in Armstrong (supra), it was stated: “[t]he statute does not in terms say that a grantee may or may not be the acknowledging officer. It should not be deemed to give that right without an express provision to that effect.” (People ex rel. Erie R. R. Co. v Board of R. R. Commrs., supra, at 276.) The Court clearly ruled that: “Because of the probative force accorded to the certificate of acknowledgment, as well as the usually important consequences of the instrument itself, public policy forbids that the act of taking and certifying the acknowledgment should be exercised by a person financially or beneficially interested in the transaction. (1 Cyc. 553.)” (Supra, at 277.)
The Court determined that requiring a greater formality in obtaining official acts by a disinterested person would prevent, as far as possible, the perpetration of a fraud. In the case at bar, this court believes that such a rationale should clearly apply to the notarization of the affidavit of service of the very instrument which verifies the jurisdiction of the court over the notary’s adversary in the litigation.
In the absence of case law on this issue, this court has reviewed the booklets produced by the office of the Secretary of State in two administrations, to wit: Basil A. Paterson of the Governor Hugh L. Carey years (hereinafter referred to as Paterson) and Gail S. Shaffer of the Governor Mario M. Cuomo years (hereinafter Shaffer) and both of which make references to Attorney-General opinions (some undated). Concerning the issue of public policy, the forward in Paterson states: “A notary public is a public official and as such assumes a position of trust which demands a high degree of conscientious public service. A notary public must carry out his/her duties and functions only in accordance with the law. This is vital, if the public interest is to be served.”
In both Paterson and Shaffer, there is the same language: “To state the rule broadly: if the notary is a party to or directly and pecuniarily interested in the transaction, the person is not capable of acting in that case.”
*1009 The Shaffer booklet defines an “affidavit” as a signed statement duly signed before a notary “as an officer authorized to administer oaths” and makes a specific reference to the certification by a notary of a document for its acceptance by a foreign consulate. In this context, indicating that such practice was not permitted, the booklet cites an (undated) opinion of the Attorney-General (believed to have been rendered in the 1930’s) stating that: “While in this individual case there may be no indication of deceiving nor any deception, nevertheless, it is a practice which may become subject to deception and therefore the requirements as laid down by the law for the conduct of notaries should be most strictly enforced.”
In section 135 of the Executive Law, the powers and duties of a notary public, in general, are set forth. A specific provision therein states that a notary who is also an attorney duly admitted to practice in this State “may, in his discretion, administer an oath or affirmation to or take the affidavit or acknowledgment of his client in respect of any matter, claim, action or proceeding.” (Executive Law § 135.) It occurs to this court that the Legislature, by inserting this specific exception, would have clearly intended to restrict a similar practice by a nonattorney notary public.
In conclusion, this court finds that the affidavit of service in the case at bar is a nullity by reason of the fact that such affidavit was notarized by petitioner, who is a party to the proceeding and has a direct pecuniary interest therein, which is and/or should be prohibited as a matter of public policy. Having so found, in the absence of a valid affidavit of service, this court lacks jurisdiction over the person of the respondent. The judgment herein is vacated and the petition is dismissed, without prejudice.