Matter of Fonvil v Morse (2019 NY Slip Op 04317)





Matter of Fonvil v Morse


2019 NY Slip Op 04317


Decided on May 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-04890
 (Index No. 534/19)

[*1]In the Matter of Vilair Fonvil, appellant,
v
Aaron L. Morse, et al., respondents-respondents, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Aaron L. Morse, Ghulam Fani, Chrispin Eugene, and Schello Jean-Louis as candidates in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidates for the public offices of Trustees of the Village of Spring Valley, and to invalidate a petition designating Rudolph Schneider Laurent, Sr., as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Rockland County Legislator for the Eighth Legislative District, the petitioner appeals from a final order of the Supreme Court, Rockland County (Terry Jane Ruderman, J.), entered May 3, 2019. The final order denied the petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding, inter alia, to invalidate petitions designating the respondents Aaron L. Morse, Ghulam Fani, Chrispin Eugene, Schello Jean-Louis, and Rudolph Schneider Laurent, Sr. (hereinafter collectively the candidates), as candidates in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party for various public offices. At a court appearance in the proceeding, at which the candidates sought dismissal of the petition to invalidate on the ground, inter alia, of improper service of process, the affidavits of service of the petition were placed in evidence. Each of those affidavits bore the notary stamp and signature of the petitioner, and in response to questioning by the Supreme Court, the petitioner admitted that he had notarized the affidavits of service. In a final order entered May 3, 2019, the court denied the petition and dismissed the proceeding, determining, inter alia, that the affidavits of service had been improperly notarized and were thereby rendered null and void. The petitioner appeals.
We agree with the Supreme Court's determination denying the petition to invalidate and dismissing the proceeding. While a candidate may properly acknowledge signatures on his or her own designating petition (see Matter of Rittersporn v Sadowski, 48 NY2d 618; Matter of Braunfotel v Feiden, _____ AD3d _____ [decided herewith]; Matter of Harte v Kaplan, 87 AD3d 813, 814; Matter of Nolin v McNally, 87 AD3d 804, 805), here, the petitioner, as a party to the contested proceeding to invalidate with a direct interest in its outcome, could not validly notarize the affidavits of service whereby jurisdiction over the opposing parties purportedly was acquired, and those affidavits of service therefore were rendered nullities (see Sumkin v Hammonds, 177 Misc 2d 1006, 1008-1009 [Nassau Dist Ct, 1st Dist]; see also People ex rel. Erie R.R. Co. v Board of R.R. Commrs., 105 App Div 273, 276-277; Armstrong v Combs, 15 App Div 246, 248-249). [*2]Accordingly, dismissal of the proceeding was appropriate.
In light of our determination, we need not consider the parties' remaining contentions.
MASTRO, J.P., LEVENTHAL, MILLER and BARROS, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court