Langbert v Aconsky (2022 NY Slip Op 06067)

Langbert v Aconsky

2022 NY Slip Op 06067

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 2191/14 Appeal No. 16548 Case No. 2022-00470 

[*1]Enid Langbert, as Executor of the Estate of Simon Sidney Aconsky, Plaintiff-Appellant,
v
Leonard Aconsky et al., Defendants-Respondents.

Enid W. Langbert, appellant pro se.
Greenfield Stein & Senior, LLP, New York (Gary B. Freidman of counsel), for respondents.

Order, Surrogate's Court, New York County (Nora Anderson, S.), entered June 25, 2021, which denied plaintiff's motion for summary judgment on her second cause of action and, upon a search of the record, granted summary judgment to defendants dismissing that cause of action, unanimously modified, on the law, to vacate the grant of summary judgment to defendants, and otherwise affirmed, without costs.
The second cause of action seeks a declaration that decedent Simon Sidney Aconsky's 50% interest in 23-58 38 ST LLC passed to his estate upon his death, and not by virtue of an Amended & Revised Buy and Sell Agreement dated March 15, 2013. Plaintiff contends that defendants will not be able to authenticate that document and therefore will not be able to enter it into evidence at trial. It is undisputed that defendant Leonard Aconsky is an interested witness. However, the agreement was notarized by defendant Rosemary Bellini. "Certification of the acknowledgment or proof of a writing . . . in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property within the state is prima facie evidence that it was executed by the person who purported to do so" (CPLR 4538).
Plaintiff contends that Bellini is an interested witness because she is a defendant and received benefits from her codefendant, relying on Sumkin v Hammonds (177 Misc 2d 1006, 1008 [Nassau Dist Ct, 1st Dist 1998]["if the notary is a party to or directly and pecuniarily interested inthe transaction, the person is not capable of acting in that case"] [internal quotation marks omitted]). However, Bellini is not directly interested in the buy-sell agreement; it makes no immediate difference to her whether her codefendant or decedent's estate owns 50% of the LLC. It is true that she is not neutral — she is aligned with her codefendant rather than plaintiff. Nonetheless, an "indirect interest . . . would not constitute a ground for invalidating [a] notarization" (Alfieri v Guild Times Pension Plan, 446 F Supp 2d 99, 112 [ED NY 2006] [internal quotation marks omitted]).
On the other hand, defendants are also not entitled to summary judgment. "The certification of acknowledgment becomes prima facie evidence that the writing was executed by the person who acknowledged having done so. [This] [p]rima facie evidence" is not conclusive; rather, it "creates a rebuttable presumption" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4538 [internal quotation marks omitted]). Plaintiff marshalled considerable evidence casting doubt on whether decedent actually signed the purported agreement and, if so, whether he knew or understood what he was signing. Thus, plaintiff should be given a chance to rebut the presumption created by Bellini's notarization (see generally Phillips v Kantor & Co., 31 NY2d 307, 311 [1972] ["Summary judgment should be denied where there is any doubt, at least any significant doubt, whether there [*2]is a material, triable issue of fact"]).
Plaintiff's alternative argument for summary judgment in her favor — that the amendment lacks consideration — is unavailing. Although paragraph 2b of the disputed document gave defendant Aconsky a valuable new right compared to the earlier buy-sell agreements, paragraphs 2c and 2d gave decedent new rights.
Plaintiff contends that any rights premised on defendant Aconsky's dying first were illusory. However, decedent was not diagnosed with cancer until the end of August 2013. If the amended buy-sell agreement is valid, it was executed on March 15, 2013. Based on plaintiff's affidavit, decedent was still healthy in May of 2013. At his deposition, defendant Aconsky testified that he and decedent assumed that defendant would die first because he was older than decedent.
Even if any benefit to decedent from the March 2013 amendment was small, "the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value" (Apfel v Prudential-Bache Sec., 81 NY2d 470, 475 [1993]; see also id. at 476; Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464 [1982]).
We have considered plaintiff's remaining arguments, including her references to Estates, Powers and Trusts Law §§ 3-3.2 and 5-1.1, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022