(Supreme Court, Special Term, Oswego County. November, 1905.)

1. ELECTIONS—NOMINATIONS—INDEPENDENT CANDIDATES—CERTIFICATE.

Election Law, Laws 1896, p. 925, c. 909, § 57, provides that a certificate of nomination and each separate paper thereof, if there be more than one such paper, shall contain a declaration of intent of the subscribers to support at the polls the persons nominated therein, which certificate is to be duly verified. *Held*, that a certificate of independent nominations composed of several separate sheets firmly bound together is but one paper, and the declaration provided for by this statute need not necessarily appear on each sheet, but is sufficient if the last sheet attached contains the notary's certificate.

2. SAME—ACKNOWLEDGMENT.

Certificates of independent nominations are not defective for the reason that some of the signers took the oath and acknowledgment before certain notaries who were candidates for office.

In the matter of the objections of Charles N. Bulger and others to certificates of nomination filed. From a decision of the county clerk overruling the objections, they appeal. Affirmed.

F. T. Cahill, for objectors.
Cullen & Davis, for the certificate.

WRIGHT, J. This is an appeal from the decision of the Oswego county clerk overruling the objections made to the filing of the certificates of independent nominations.

Only two objections will be considered:

First. Section 57 of the election law (Laws 1896, p. 925, c. 909) provides in part that the certificate of nomination and each separate paper thereof, if there be more than one such paper, shall contain the following declaration, which shall be subscribed to by the signers thereof:

"We the undersigned duly qualified electors of the district for which the nomination for public office is hereby made under the provisions of section fifty-seven of the election law, do hereby declare that it is our intention to support at the polls the candidacy of the person or persons herein nominated for public office."

It is claimed that the nomination certificates are defective for the reason that the statement quoted above was not printed on each separate sheet of the certificates of nomination. The certificates are composed of several separate sheets firmly bound together with metal binding pins. Upon the first sheet of each certificate is printed all the provisions required by section 57 of the election law. To this sheet is attached several blank sheets containing the signatures. The last sheet attached contains the notary's certificate in the form prescribed in section 57 of the election law. A convenient method is thus afforded by which several persons, each using a single certificate, as described above, which complies with the requirements of section 57 of the election law, could obtain signatures at the same time. When the required number of signatures were obtained, all the certificates were bound firmly together and presented to the county clerk for filing. It is unnecessary that the above-quoted provisions of section 57 of the election law should appear on each separate sheet of the certificates. The law is satisfied if the sheet to which the other sheets are attached contain all the required provisions of section 57. The election law must be liberally construed. Matter of McClosky, 21 Misc. Rep. 365, 47 N. Y. Supp. 294; Matter of Adams, 21 Misc. Rep. 396, 47 N. Y. Supp. 543. The word "paper" is not used here in the sense of "sheet." United States v. Barber, 11 Sup. Ct. 149, 35 L. Ed. 396. In that case it was held that several depositions attached together and filed are a single paper, and not each a paper, within the meaning of the Revised Statutes, § 828 [U. S. Comp. St. 1901, p. 635], which allows a certain fee for filing and entering every declaration, plea, or other "paper."

Second. It is also contended that the certificates are defective for the reason that some of the signers took the oath and acknowledgment before certain notaries who were candidates for office. The objection is not forceful. The rule that an interested party to an instrument cannot take the acknowledgment of another party should not be extended to the present case. In view of the rule that the election law should be liberally construed, the will of over 500 electors whose names appear on these certificates should not be thwarted by a narrow and technical contention that the same formalities and precision should be observed in a case like the present that are necessary in instruments involving the conveyance of real estate. No one is prejudiced. A person signing an instrument cannot, in his capacity of notary, take the acknowledgment of another person also signing it. This rule has been applied to co-incorporators. People ex rel. Erie R. Co. v. Board Railroad Com'rs, 105 App. Div. 273, 93 N. Y. Supp. 584. The rule of that case cannot be ex-

tended to this one. The candidate did not sign the instrument, and is in no way a party thereto. Neither is he an interested party within the meaning of that term as used in the Erie Case, supra, nor in the sense of being a party thereto, as in the case of conveyances of real estate. The residence of the voter, with street and number being stated opposite each name, affords to all interested parties an opportunity, immediately when the certificates are filed, to investigate and ascertain by personal interview whether any fraud was committed in connection with any signature. No objections are raised against the genuineness of any signature on the certificates of nomination which are held to be valid signatures by the county clerk in his decision, and no question is raised on the ground that any signature was obtained by fraud, false representation, or by any improper means.

It appearing to my satisfaction that the decision of the county clerk was in all respects legal and valid, his decision is affirmed.

Decision of county clerk affirmed.