Matter of the Application of ALEXANDER BASSETT, to Declare the Designating Petitions of JOSEPH DEGRACE Invalid, etc.

(Supreme Court, Kings Special Term (Motions), August, 1919.)

Election Law — who may act as subscribing witness — statutes — when application to have petition declared invalid denied — qualified voters — when requirement of certificate of " good character " unnecessary.

A candidate for the nomination for alderman may act as subscribing witness to the signers of his own petition.

Where he acts as subscribing witness to the signatures of qualified voters the certificate of " good character " required to be signed by the candidate or committee on vacancies when signatures to a petition for nomination are acknowledged by a subscribing witness, is unnecessary.

Where the signatures of certain qualified voters to a petition for nomination were challenged solely on the ground that the subscribing witness was not registered in 1917 and 1918 but there is nothing to justify a finding that the statement in his affidavit, which complies in every respect with the statute, that he was registered in both years, is not true, an application to have the petition declared invalid will be denied.

APPLICATION by petitioner to have designating petitions declared invalid.

Robert S. DuBois, for petitioner.

Joseph DeGrace, in person.

CROPSEY, J.   The petitioner and the respondent are rival contenders in the Democratic primary for the nomination for alderman in the forty-eighth district, Kings county.   The petition which is attacked contains 357 signatures.   The law requires but 190.   Two hundred and twenty-one of them are challenged and 136 are undisputed.

There are numerous objections.   Only the principal

Supreme Court, August, 1919.        [Vol. 108.

ones will be mentioned. Sixty-one of the signatures are witnessed by the candidate DeGrace and his acknowledgment, in due form, before a notary public, is appended. It is contended that a candidate may not act as subscribing witness. But there is nothing in the statute prohibiting this. And the statute should be liberally and not strictly construed. *Matter of McClosky,* 21 Misc. Rep. 365; *Matter of Adams,* Id. 396. It has been held that a candidate may act as notary and take the acknowledgments of the signers of his own petition. *Matter of Bulger,* 48 Misc. Rep. 584. In principle there is no difference between a candidate acting as notary public and as subscribing witness. He is not a party to the petition, and, while the legislature might see fit to prohibit such a practice, as it has not done so, it must be deemed proper. It is further claimed that the signatures thus witnessed should not be counted because there is no certificate of " good character " appended. That is the certificate to be signed by the candidate or committee on vacancies when the signatures are acknowledged by a subscribing witness. But when the subscribing witness is himself the candidate there is no necessity for this certificate. It would be ridiculous for a candidate to certify to his own " good character and honesty." The signatures thus witnessed are not challenged. They are concededly those of qualified voters and they were properly counted. If these names are to be counted the petition is admittedly good.

But if they should not be counted, still the petition should be sustained. The objection that some of the signatures are undated is without effect. They, of course, must be counted.

Fifty-eight signatures were witnessed by John Columbia. His affidavit is attached and it complies in every respect with the statute. The claim is made

that he was not registered in the year 1917. The law requires that the witness must have been registered in the two preceding years. But there is nothing in the papers to justify a finding that the statements in this witness's affidavit, that he was registered both in 1917 and 1918, are not true. Moreover, none of these signatures is attacked on any other ground. Apparently they are all qualified voters. The acts and preferences of the voters should not be disregarded on any mere technicality when their right to express their choice is undisputed and there has been a substantial compliance with the statute.

It is apparent that a much larger number of qualified voters than the law requires have signed this petition. The objections to it are without merit, so the application is denied.

Application denied.