In the Matter of MICHAEL J. MASTANTUONO, Petitioner, against WILLIAM D. MEISSER et al., Constituting the Board of Elections of Nassau County, et al., Respondents.

Supreme Court, Special Term, Queens County, July 30, 1943.

*Jacob Levy* for petitioner.

*N. Burchard Smith* and *Marcus G. Christ* for William D. Meisser and another, constituting the Board of Elections of Nassau County, respondents.

*George R. Brennan* for Leon Fields and another, respondents.

COLDEN, J. The petitioner herein seeks an order directing the members of the Board of Elections of the County of Nassau to reject the designating petition nominating Leon Fields and Frank B. Mazza as candidates for Republican County Committeemen from the 148th Election District, Town of Hempstead, Nassau County, upon the ground that there are forged signatures on one sheet of the petition containing twenty names and an erasure of the authenticating witness' signature on the other sheet, likewise containing twenty names. At no time since the filing of said petition have any objections thereto been filed with the Board of Elections.

The court duly held a hearing upon this application and upon the basis thereof makes the following findings:

(1) No fraud whatsoever has been established.

(2) The first sheet contains seven signatures which cannot be counted for the following reasons: As to Eulin Hubert the evidence does not sustain the claim that he personally signed his name. It appears that it was signed by someone else with his knowledge and authority. The signatures of John and Eva Frazier were not signed by them nor did they authorize anyone to sign for them. These may have been forged. Charlotte Saunders, Lucille Hazzard, Rebecca Hamilton and Wallace Green did not sign their names, but they testified that they authorized someone else to sign them.

There are 255 enrolled Republicans in the said 148th Republican District of the Town of Hempstead, and five per cent thereof is required for a valid petition. Inasmuch as there are thirteen valid signatures, or five per cent on the first sheet of the petition, it follows that this sheet alone is sufficient. A petition sheet containing forgeries will not be declared invalid *in toto,* and the valid signatures will be counted. (*Matter of Lefkowitz* v. *Cohen,* 286 N. Y. 499.)

The second sheet of the petition contains twenty signatures which are admittedly valid. However, the authenticating witness' signature appears over an erasure made with ink eradicator. The proof shows that this erasure was made and the signature of the authenticating witness affixed *before* the oath was taken, and it was explained that another person, who had accompanied the authenticating witness in securing the signatures, first signed his name but, when it was drawn to his attention that he had not witnessed the signatures of everyone of the persons signing the sheet, his signature was erased and the person who witnessed all the signatures then signed the authenticating affidavit. It has been held that erasures and alterations do not *ipso facto* render a petition void. (Abrahams, Digest of Election Law Decisions, 1942 ed., p. 43.) Here the erasures and alterations were obviously not made for the purpose of fraud and concealment or subsequent to their authentication. The change was satisfactorily explained by testimony and the sheet is consequently valid. (*Matter of Dimentstein,* N. Y. L. J. Sept. 13, 1938, p. 647, affd. 255 App. Div. 722.)

The petition is accordingly dismissed. Submit order.