In the Matter of James H. O'Connor, Petitioner. Frank H. Babcock et al., Respondents.

Supreme Court, Onondaga County, July 31, 1943.

*Irving H. Lessen* for petitioner.

*Walter Soule* for Frank H. Babcock, respondent.

*Truman Preston, County Attorney (Charles Major* of counsel), for John Bachman and another, constituting the Board of Elections for the County of Onondaga, respondents.

SEARL, J. This is the return of an order to show cause brought by James H. O'Connor, as an attorney and counselor at law, designated candidate for the office of Judge of the Traffic Court of the City of Syracuse, New York, on the Democratic primary ballot, for an order directing that the designating petition of Frank H. Babcock, as a candidate for District Attorney by the American Labor Party, be removed from the files of the Board of Elections of Onondaga County, and that such Board of Elections be restrained from printing the name of Frank H. Babcock on the official ballot to be used at the primary elections on August 10, 1943, for the public office of Traffic Court Judge of the City of Syracuse, New York.

The order sought is based upon the fact, admitted by respondent Frank H. Babcock, that the latter is not an attorney duly licensed to practice law in the State of New York.

The question to be determined is whether or not the said Frank H. Babcock is ineligible for nomination.

The first objection raised in the answer of respondent, Frank H. Babcock, is to the effect that this court is precluded from exercising jurisdiction on the ground that petitioner, James H. O'Connor, has failed to comply with the statutory requirement contained in section 142 of the Election Law, which provides: " A written objection to any petition or certificate of designation or nomination may be filed with the officer or board with whom the original petition or certificate is filed within three days after the filing of the petition or certificate to which objection is made * * *."

Respondent Babcock claims that it does not appear that either petitioner or anyone in his behalf filed written objections to respondent's nomination within three days of the date of filing.

Petitioner maintains that section 142 refers to objections made by a voter other than a candidate and refers to the wording of section 330 of the Election Law, wherein the same provides: " § 330. Summary jurisdiction. The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court *shall make such order as justice may require.*

" 1. The designation of any candidate or independent nomination, in a proceeding instituted by any *candidate aggrieved* or by a person who shall have filed objections pursuant to section one hundred and forty-two, but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions." (Italics inserted.)

This court must find against this objection* upon the authority of *Matter of Vona* v. *Cohen* (150 Misc. 649), wherein Justice COHN held that the Supreme Court, regardless of whether objections were registered within three days after the petitions had been filed, " is vested with summary jurisdiction to determine any questions of law or fact irrespective of whether such questions had previously been raised at the hearings before the board of elections." This decision has been affirmed without opinion in 240 Appellate Division 827, and in 262 New York 706. Also, a *candidate aggrieved,* as indicated by the section, may apply for relief without complying with the three-day requirement pertaining to persons other than candidates.

By chapter 635 of the Laws of 1937, the Legislature amended " An act in relation to the court of special sessions of the city of Syracuse, New York." This Act provided for a " separate court for traffic," and provided that at the next general election of the city of Syracuse there should be elected a Justice of Traffic Court, but further provided: " No person shall be eligible to the election of the office of justice of traffic court unless he shall be an elector and an attorney of the supreme court of the state of New York for five years."

No mention of a traffic court or judge thereof is made in the New York State Constitution. The rule seems to be well established that where a constitution does not create a public office, the Legislature may properly define the qualifications of candidates therefor and that if the Constitution creates an office and has prescribed qualifications therefor, the Legislature may then prescribe additional qualifications not prohibited by the Consti-

---

* Cf. *Matter of McGovern* (*O'Brien*), 180 Misc. 515. — [REP.

tution, so long as they do not interfere with or nullify those constitutionally prescribed. (19 Amer. & Eng. Ann. Cas. 743; also Amer. & Eng. Ann. Cas., 1915A, p. 343.)

In *Matter of Becraft* v. *Strobel* (158 Misc. 844, 850), where the qualification for every town office was to the effect that the incumbent be the owner of record of real property within the town, Mr. Justice DOWLING wrote: " The Legislature ' may, in the exercise of its judgment for the public good, limit the number from whom the elector may select, for thus to legislate is within the general and sovereign power of legislation which it constitutionally possesses.' (*People ex rel. Furman* v. *Clute,* 50 N. Y. 451, 460; *People ex rel. Devery* v. *Coler,* 173 id. 103, 118; *Rogers* v. *Common Council of Buffalo,* 123 id. 173, 183, 185; *Scott* v. *Village of Saratoga Springs,* 131 App. Div. 347; affd., 199 N. Y. 178."

As the respondent, Frank H. Babcock, is concededly not a duly admitted attorney of the State of New York, the relief demanded in the petition must be granted. Order accordingly.