In the Matter of the Application of JENNIE KAPLAN, Respondent. ISAAC B. GREENMAN, Appellant.

First Department, July 27, 1945.

*Benjamin Gassman* of counsel (*Isaac Ben Greenman,* appellant in person).

*Louis Bennett* of counsel (*John T. Power* with him on the brief; *Power & Hopkins,* attorneys), for Jennie Kaplan, respondent.

*Russell Lord Tarbox* of counsel, for the Board of Elections of the City of New York, respondents.

*Copal Mintz,* attorney for the Liberal Party, *amicus curiæ.*

*Walter M. Weis,* attorney for City Fusion Party, *amicus curiæ.*

*Per Curiam.* Section 135 of the Election Law provides that a designating petition may be authenticated as to signatures by a subscribing witness who swears, " I know each of the voters whose names are subscribed to the above sheet of the foregoing petition."

Without attempting to define the extent, if any, to which the law requires the subscribing witness to have prior acquaintance with the signers of designating petitions, and assuming that such a witness may authenticate signatures where he has acted on information affording him reasonable knowledge as to the identity of the signers, we hold that the record in this case fails to establish that the subscribing witness Clasner had any such reasonable knowledge or information as to such identity. It is claimed by appellant that Clasner visited various premises within the territory involved, and accepted and authenticated only the signatures of persons whose names were displayed in the public halls of said premises as residing therein. He admitted, however, that in some instances he had not visited the alleged residences of the signers, and some of the pages of the designating petition, on the face thereof, evidence the acceptance of consecutive signatures from persons residing over a wide area and at scattered points, all allegedly obtained on the same date. Concededly, Clasner had no previous acquaintance with any signers.

Upon this record we find as a fact that the subscribing witness did not " know " the persons whose signatures he attested within the meaning of the statute.

While we hold that the order appealed from should be affirmed, in doing so we neither adopt the reasoning of the Special Term

with respect to the requirement that the subscribing witness " personally know " the signer, nor do we intend to hold that an attempted self-identification by the signers in and of itself would be sufficient. (See *Matter of Evans* v. *Cohen*, 264 App. Div. 948, affd. 289 N. Y. 629.)

The order should be affirmed, without costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, without costs. Leave to appeal to the Court of Appeals granted.