In the Matter of JENNIE KAPLAN, Respondent.
ISAAC B. GREENMAN, Appellant.

Argued October 1, 1945; decided October 5, 1945.

*Benjamin Gassman* for appellant. I. The Election Law (§ 135) does not require " personal " knowledge. (*People* v. *Ryan*, 274 N. Y. 149; *Shaw* v. *Railroad Co.*, 101 U. S. 557; *People* v. *Rosenthal*, 197 N. Y. 394; *Davenport* v. *Prentice*, 126 App. Div. 451.) II. Special Term erred in invalidating all of the 62 signatures procured by Clasner. (*Matter of Davies* v. *Cohen*, 262 App. Div. 452, 286 N. Y. 499.)

*Samuel D. Smoleff* for Citizens Union of the City of New York, *amicus curiæ*, in support of appellant's position. I. Section 135 of the Election Law does not require the witness to a petition to have any acquaintance with the signers. The " authentication " provided for in the section is not the technical authentication required by the Real Property Law. (*Matter of Travis*, 184 App. Div. 505.) II. The conceded facts show that the witness followed a reasonable procedure, which led to a correct and honest result. This form of procedure should be upheld as a valid procedure in obtaining nominating and designating petitions.

*Copal Mintz* for Liberal Party of the State of New York, *amicus curiæ*, in support of appellant's position. I. The word " know " is a relative term. It has the same meaning in the affidavit prescribed by section 135 of the Election Law as in affidavits of service of process and in other cognate circumstances. It means no more than " reasonably believe on the basis of information and circumstance." (*People* v. *Rosenthal*, 197 N. Y. 394; *Davenport* v. *Prentice*, 126 App. Div. 451; *Madden* v. *Van Wyck*, 35 Misc. 645; *Matter of Evans* v. *Cohen*, 264 App. Div. 948, 289 N. Y. 629.) II. The holding by the Appellate Division that on the candidate or his sponsors rests the burden " to establish " the subscribing witness' knowledge of the signers is erroneous, and it unduly burdens and abridges

the right of nomination. (*Matter of Lefkowitz* v. *Cohen*, 262 App. Div. 452, 286 N. Y. 499; *Matter of Ecker* v. *Cohen*, 239 App. Div. 145.)

*Louis Bennett* and *John T. Power* for respondent. I. The Election Law requires the subscribing witness to a nominating petition to know personally the persons whose signatures he obtains. (*Matter of Whitman* v. *Cohen*, 174 Misc. 1087; *Matter of Phillips* [*Hubbard*], 284 N. Y. 152; *Matter of Evans* v. *Cohen*, 264 App. Div. 948, 289 N. Y. 629.) II. The decision of the Appellate Division holding as a fact, that the subscribing witness did not " know " the signers of the appellant's petition within the meaning of the statute should be sustained.

*Ignatius M. Wilkinson, Corporation Counsel* (*William J. Fleming* of counsel), for the Board of Elections of the City of New York.

*Per Curiam.* The Appellate Division proceeded upon the assumption, without deciding, that a designating petition may be authenticated as to signatures by a subscribing witness who subscribes to the oath prescribed in section 135 of the Election Law, provided the witness has acted upon information affording him reasonable knowledge as to the identity of the signers. We are satisfied that the subscribing witness may lawfully act upon such information but the finding of the Appellate Division that the witness in this case did not in fact have such information and knowledge is beyond our power of review.

The order should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Order affirmed.