In the Matter of GILBERT E. KERNS, Petitioner, against RALPH D. WHITING et al., Respondents.

Supreme Court, Special Term, Broome County, September 25, 1946.

*Samuel H. Pearis* for petitioner.

*Harry S. Travis* for Ralph D. Whiting and others, respondents.

*Charles P. O'Brien, County Attorney,* for Commissioners of Elections, respondents.

DEYO, J.   This is a companion proceeding to *Matter of Whiting* v. *Taub* (187 Misc. 660), herewith decided by this court and likewise has for its purpose the testing of the validity of the independent nominating petition filed with the Commissioners of Elections of Broome County on behalf of the respondents as candidates for town offices in the town of Conklin, New York. Objections to the petition and specifications of said objections were duly filed by the petitioner whom I hold to be a proper person to file said objections and specifications and all objections to the present proceeding on that ground are hereby overruled. Exhibit 5, the specifications, is therefore received in evidence.

Two of the specifications of invalidity have already been determined.   (*Matter of Whiting* v. *Taub, supra.*)   Our attention is now directed to those remaining and which were not passed upon in the companion proceeding and which, in some instances, were not passed upon by the Commissioners of Elections.

I find nothing in the law which prevents a person named on a committee to fill vacancies from acting as notary public in taking the acknowledgments of the subscribing witnesses to the petition. Since a candidate is not thus disqualified (*Matter of Bulger,* 48 Misc. 584), and may even act as a subscribing witness (*Matter of Bassett,* 108 Misc. 461; *Matter of Andereya* [*Salvatore*], N. Y. L. J., March 18, 1936, p. 1391, col. 1), it must naturally follow that a person named on the committee is not such an interested party to the extent that he cannot take an acknowledgment.

Objection is made to certain of the sheets on the grounds that the name of George F. Adams, as a candidate for tax collector, was scratched out and the name of Ida Clugstone substituted. Alterations or erasures do not *ipso facto* render a petition void. (*Matter of Mastantuono* v. *Meisser,* 180 Misc. 667, affd. 266 App. Div. 919.)   If it were established that such alteration as to the name of the designee was made after the petition had been signed and authenticated, the petition would be invalid.

(*Matter of Baldwin*, 242 App. Div. 727; *Matter of Hillert*, N. Y. L. J., March 20, 1936, p. 1431, col. 1; *Matter of Beggins* [*Cohen*], N. Y. L. J., March 21, 1936, p. 1452, col. 2.) If no such showing is made, however, and there is no evidence of fraud or impropriety, the petitions are valid. (*Matter of Miraglia* v. *Cohen*, 282 N. Y. 739.) The burden of proof in these matters is upon the objector. (*Matter of Ecker* v. *Cohen*, 239 App. Div. 145.) True, the rule is that the burden is shifted to the proponents of the petition after a rejection by the commissioners. (*Matter of McDonnell* v. *Cohen*, 252 App. Div. 277, affd. 275 N. Y. 644; *Matter of Warsoff* v. *Cohen*, 264 App. Div. 953, affd. 289 N. Y. 108.) In the instant case, however, there has been no rejection of the petition by the commissioners on this particular ground, and the burden of proof therefore remains with the objector-petitioner. Although the petitioner called as witnesses some thirty-six signers, many of whose names appeared on the very sheets in question, none of them were asked about this alteration, and in fact, many of them identified the particular sheets as altered as the sheets which they signed. I hold that the objection to the petition on this ground is without merit.

I hold that the objection to sheets Nos. 4 and 7 of the petition on the ground that alterations in the number of signers on said sheets is not well taken for the reasons given above, and on the further grounds that such alterations are trivial and unimportant. (*Matter of Savoia*, N. Y. L. J., Aug. 27, 1936, p. 526, col. 6.)

The eleven names appearing on sheet No. 8, which bears no date, the nine names where initials only are given, less one duplication, and the name of Mrs. Alvin Hawk, appearing on line 4 of sheet No. 5, are ordered struck out by consent.

Objection is made to four names appearing on the grounds that they were not registered voters when they signed the petition. Section 137 provides that signers shall be qualified voters, i.e., qualified to vote " on the day of election." The only provision regarding registration is found in subdivision 4 of the section. It is therein provided that the name of a signer shall not be counted " if such person, on one of the days of registration, in such year, is not registered as a qualified voter * * *." There is no requirement for registration in any prior year, and so, even though the petition must be filed before the days for registration, if the signers possess the necessary qualifications to register for the 1946 election, they are entitled to sign whether their names actually appear on the rolls or not. (1944 Atty. Gen. 369.) The language employed by CHASE, J., in *People ex rel. Hotchkiss* v. *Smith*, 206 N. Y. 231, 244-245) in construing a similar provision of an earlier law is entirely in point. " A

person signing an independent certificate of nomination should be counted if he registers in such year either before or after signing such certificate." By reason of the foregoing the four names involved must be counted.

The petitioner swore many witnesses who testified that they did not sign the petition in the presence of the attesting witnesses. The required authenticating certificate states that the witness knew the signers and that "each of them subscribed the same in my presence." Nothing could be clearer or more explicit and yet, signer after signer swore that the authenticating witness was not present. One or both of the authenticating witnesses involved were in the court room throughout the proceeding, and yet not one word of denial was forthcoming from them. Such wholesale false swearing on the part of Donald R. Kuran and Allen O. Fox might well be held to invalidate the entire petition, but in deference to those candidates who apparently had no part in such chicanery, I am declaring invalid only the thirty-five names involved. As one might expect, the decisions are uniformly in accord with this ruling and even go so far as to hold that if the authenticating witness did not "know" the signers, the petition is invalid. (*Matter of Kaplan* [*Greenman*], 185 Misc. 532, affd. 269 App. Div. 561, affd. 294 N. Y. 582; *Matter of Evans* v. *Cohen,* 289 N. Y. 629; *Matter of Phillips* [*Hubbard*], 284 N. Y. 152; *Matter of Stephens* v. *Heffernan,* 186 Misc. 275; *Matter of Whitman* v. *Cohen,* 174 Misc. 1087; Abraham's New York Election Law Manual, p. 60.) The language found in *Matter of Grill* v. *Board of Elections of City of N. Y.* (169 Misc. 589), to the contrary, clearly represents a minority viewpoint.

It was proven at the hearing that six signatures were not genuine. Those are ordered stricken out.

Four signatures are objected to on the ground that they appear to have been altered. However, they have already been stricken out for other causes.

The elimination of names from a particular sheet by necessity causes the tally figure given in the authenticating certificate to be erroneous. However, I find no merit in the petitioner's contention that this result invalidates each and every sheet so affected.

There were eighty-six signatures on the petition. Sixty-one have been eliminated. This leaves but twenty-five valid signatures, which is less than the forty-seven required.

The independent nominating petition offered by the respondents is declared null and void.

Submit order accordingly.