In the Matter of ALOYSIUS MOCZYDLOWSKI, Petitioner, against WALTER W. WESTALL et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 24, 1949.

*Sheehan & Harold* for petitioner.

*Thomas F. English, Jr.,* for Frederick A. Harraghy and others, respondents.

*Harry G. Herman, County Attorney,* for Walter W. Westall and others, constituting the Westchester County Board of Elections, respondents.

SCHMIDT, J. Here the petitioner seeks to validate his petitions for the Democratic nomination for councilman from the Fifth Ward of the City of Yonkers.

It is conceded that when the petitions were signed they used the term " Alderman " in describing the office for which they wished to nominate the petitioner and that the petitions were in this form when validated before a notary public. All acknowl-

edgments were by subscribing witnesses. After such validation it is further conceded that the word " Alderman " where it occurred was crossed out and the word " Councilman " substituted therefor.

This is shown by the following portion of the stipulation put on the record at the hearing by the attorney for the petitioner.

" We will concede that the change on the petition at the top changing the word Alderman to Councilman was put there after the signatures were signed by the Notary Public who witnessed it and who initialed it and put her initials at the top."

The petitioner argues rather persuasively that the signers knew that they were expressing their preference for their representation in the city council by whatever term the office was designated.

We find no authority directly in point but hold that it would be a dangerous practice and one open to abuse to sustain a petition on which, admittedly a substantial alteration is made not only after the signatures had been affixed but also after the subscribing witnesses, who were the ones who had seen the signers sign, had acknowledged the instruments before a notary public and thus validated them. This alteration was made by the notary public whose only function with respect to the petition was to take the acknowledgment of the subscribing witness.

The numerous authorities submitted by the parties have been examined and while none is exactly in point it appears to be the law that a petition is rendered invalid by alterations made after authentication. (*Matter of Miraglia* v. *Cohen,* 282 N. Y. 739; *Matter of Kerns* v. *Whiting,* 187 Misc. 656.)

The motion to validate is accordingly denied.

Submit order.