In the Matter of Thomas F. Carroll et al., Petitioners, against William J. Heffernan et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, August 5, 1952.

Proceeding under Election Law for order invalidating designating petitions.

*G. H. Fitzgerald* for petitioners.

*Denis M. Hurley, Corporation Counsel,* for Board of Elections of City of New York, respondent.

*Roland C. Bucher* and *John J. Walsh,* in person, for John J. Walsh, respondent.

Di Giovanna, J. By this proceeding it is sought to invalidate and declare null and void the designating petitions filed with the board of elections purporting to designate John J. Walsh as a candidate for the office of member of Assembly, 17th Assembly District, Kings County.

In support of their contention the petitioners called as a witness a certain Rose or Rosa Williams, who was the subscribing witness on seven sheets of the nominating petition of the candidate. These sheets were numbered consecutively from 42 to 48, inclusive, and contained 126 names. Even if all these names were to be stricken, such action would not reduce the number of valid signatures below the minimum number required by law.

This witness, Mrs. Williams, now claims that she did not formally swear to the affidavit on any of these seven sheets so signed by her as such subscribing witness. The notary whose name appears thereon is the candidate the validity of whose petition is questioned. Mrs. Williams admitted that the candidate, with whom she was personally acquainted, called at her home, and had with him a number of sheets of his nominating petition, among which were some or all of those signed by her, but avers that the only thing they discussed were corrections in spelling of names or addresses of some of the signers. The witness admits that she signed all seven sheets, and the only disputed point is whether or not she swore to her affidavits as subscribing witness.

The candidate on his own behalf has testified that he called upon Mrs. Williams, spent from twenty to thirty minutes in her home, and administered the oath to her as she signed each sheet. The candidate is not only a notary public, but is a member of the Bar of this State, a former member of the State Legislature, and is one who may be considered to be reasonably well versed, from experience, in procedures of this sort. It is highly improbable that he would, under such circumstances, call upon this witness for the sole purpose of making the corrections claimed by the witness.

The relief sought herein is not to strike the seven sheets on the numbers 42 to 48, inclusive, but to declare the entire petition null and void, mainly on the ground that the petition is "permeated with fraud, perjury and forgery, the verifications and authentications to the signatures are improper, invalid and in many instances forged and fraudulent." In support of this contention the petitioners have cited *Weisberger* v. *Cohen* (22 N. Y. S. 2d 1011). In that case the court found that the designee and at least two persons who were active in securing signatures in his behalf committed or aided or abetted the commission of forgery and made perjurious affidavits. The only proof offered by the petitioners herein of any such allegation is that set forth above, namely, that the subscribing witness, Mrs. Williams, was not duly sworn. Much was made of the fact that she was not asked to raise her hand to take an oath. The candidate, a member of the Bar as aforesaid, insists that he complied with the legal requirements of administering the oath.

It may well be that the administration of an oath should be attended with greater formality than was evinced in this case. However, the proof falls far short of what must be required to grant the drastic relief herein sought. The motion is accordingly in all respects, denied. Submit order.