In the Matter of SAMUEL COLE, Petitioner, against AGNES WIN-FIELD et al., Constituting the Committee on Vacancies Named in a Petition Designating J. LEWIS FOX as Candidate of the Democratic Party for the Office of Member of Assembly, 12th Assembly District, in County of Queens, et al., Respondents.

Supreme Court, Special Term, Queens County, August 9, 1952.

*Moses Z. Yam* and *Paul T. Love* for petitioner.

*Abner H. Pike* and *J. Lewis Fox,* in person, for J. Lewis Fox, respondent.

*Denis M. Hurley, Corporation Counsel (Thomas Crowe* of counsel), for Board of Elections of the City of New York, respondent.

COLDEN, J. This is a proceeding brought by the petitioner for an order to strike out and remove from the records of the board of elections of the City of New York the designating petition of J. Lewis Fox for the office of Member of Assembly for the Twelfth Assembly District in the County of Queens in the State of New York, and to reject said petition and to restrain the board of elections from printing on the official ballot the name of the said J. Lewis Fox for the office of Member of Assembly of the Twelfth Assembly District of the County of Queens, of the State of New York, to be used at the ensuing primary election.

Hearings were had on said petition on August 6, 7, 8 and 9, wherein it appeared that 259 sheets were submitted to the board of elections by the respondent, J. Lewis Fox, containing 4,943 signatures. The board of elections declared invalid approximately 90 of such sheets on grounds relating principally to defects in the authenticating affidavits, and otherwise disallowed signatures appearing on valid sheets, so that a total of 2,684 of such signatures were declared invalid by the board of elections, leaving 2,259 valid signatures for the respondent, J. Lewis Fox. Such valid signatures were contained on approximately 169 sheets. The court examined 103 sheets, from which the court determined that 1,127 valid signatures were contained thereon and 280 invalid signatures. The court further finds that the number of valid signatures necessary to designate a candidate for Member of Assembly is 350 valid signatures, pursuant to the provisions of the Election Law.

Limitations of time made it impossible for the court to examine the remaining sheets. The failure to examine these sheets was not due to lack of diligence of the parties or of the court, since the court held sessions until midnight on each of the hearing days, and by the consent of all the parties it was agreed that the examination of the remaining sheets would be cumulative and would not in anywise affect the court's decision. It was conceded by both sides that similar objections raised by the petitioner would be overruled by this court.

The hearings in this matter were participated in by five lawyers representing the parties, and by the assistant corporation counsel representing the board of elections. Counsel for the parties proceeded with diligence and earnestness and with a complete manifestation of their desire to assist the court. The fact is, however, that the legal entanglements, traps, and ambushes with which our Election Law seems to abound made the disposition of this matter a work of greater burden than should be imposed upon our courts, our citizens, and the members of the bar, in an effort to permit our people to participate in these primary election matters. This case lends emphasis to the comment made by Mr. Abrahams in his excellent book, "New York Election Law," wherein he states: "The will of electors and voters is a matter of important concern to the maintenance of the integrity of our electoral processes in its various phases — as a signatory to a petition — designation or nomination to party position or public office — enrollment — registration or voting. All these — the people's will should not be fettered by obstacles, restrictions and technicalities. If these are obliged to persist, then a demerit has been scored against our democratic system." (Foreward, p. vii.)

This comment of the court is in no manner a reflection upon either of the parties or their counsel in this proceeding. They are but the victims of a system which cannot meet with continued approval.

The petitioner has urged upon this court the alleged invalidity of all the petitions upon the ground that such petitions do not set forth the post-office address of the candidate. The petition sets forth the address of such candidate as 311 B. 69th Street, Arverne, New York. The petitioner urges that such address does not comply with section 135 of the Election Law, contending that the candidate's post office is Far Rockaway, New York. The court received in evidence the affidavit of the Honorable Abe Finkel, Postmaster of the Far Rockaway Post Office, and a letter from the Postmaster General of the United States, and

has examined the report of the Joint Legislative Committee to Recodify the Election Laws. The report of such committee indicates that the section as amended was intended to apply to rural areas where delivery of mail might be delayed. The section as amended was not intended to apply to the City of New York. The court finds as a fact from the evidence that the address set forth in the designating petition is the proper and correct address of the respondent Fox and meets all the requirements of the Election Law.

The petitioner further contends that the title page or top page of the respondent's designating petitions did not detail or indicate the total number of pages in the petition or total number of signatures thereon. The court has examined the title page and found it to contain the names of candidates for six public offices and party positions, that the information contained thereon was sufficient, and that the rules relating to the title sheet were sufficiently complied with. The court further finds that such rules of the board of elections are merely a time-honored practice but have no definite statutory requirement. (*Matter of Andrews* v. *Heffernan,* 186 Misc. 1024.)

The petitioner further contends that the signatures are forgeries and therefore should not be counted as valid signatures to the petition. In support of this contention the petitioner produced fifteen persons who acted as subscribing witnesses to respondent's petitions. Each of said witnesses testified, and from their testimony and the court's observation of such witnesses and the court's examination of all the signatures contained on the designating petitions to which they were subscribing witnesses, the court finds that there is not a scintilla of evidence to sustain such charge. The court is convinced that the witnesses were truthful, that they were workers and captains of the regular Democratic organization, that they procured these signatures for their candidates and did not participate in any deceitful practice in obtaining these signatures, although here and there there were certain irregularities such as one spouse signing for another or one member of the family signing for another member. This court holds that this is not the kind of forgery contemplated by the Election Law but is an irregularity resulting only in the disqualification of the particular signature. (*Matter of Lefkowitz* v. *Cohen,* 262 App. Div. 452, affd. 286 N. Y. 499.) To reject a designating petition on such technical and trivial grounds would result in the disenfranchisement of qualified signers from the benefit of having their designee appear on the official ballot.

Annexed to a supplemental affidavit offered by the petitioner are seven affidavits which the petitioner has offered in evidence. This court finds that these affidavits have no probative value since the matters therein related can only be furnished to the court by the testimony of the affiants. This court has declined to accept such affidavits as any part of the proof in this case.

The court was advised by counsel for the petitioner that twelve to fourteen other witnesses had been subpœnaed; that they were in court on July 30th and were directed by the Justice then presiding to return on further notice from counsel.

The board of elections has disallowed a large number of respondent's petitions for reasons of technical defects appearing in the authenticating affidavits of the subscribing witness. The board of elections is correct in its ruling, but this court is of the opinion that these rulings have grown to a point where they are depriving signers of such petitions, who act in good faith and who have no control over the completion of the authenticating affidavit, in the selection of their designee. As an example, on page 123 of the designating petitions the subscribing witness fully and completely set forth her present residence address in that portion of the authenticating affidavit relating to her address; when she registered for the general election in 1951 the witness set forth the street address of her house but failed to include the number of the street. The authenticating affidavit correctly sets forth the election and assembly district and all the other information required. The board of elections determined this petition to be bad. It is the opinion of this court that while the board of elections is technically correct in its rulings, and the court so held, nevertheless the Legislature should amend the Election Law so as to validate petitions which bear slight defects such as above enumerated, so as not to thwart the will of the qualified voters of a political party from designating their candidates.

The court finds that the respondent having received in excess of 1,100 valid signatures from approximately one half of the signatures which were before the court for consideration, that he has met with the requirements of the Election Law and is entitled to appear upon the official ballots for the primary election to be held on August 19, 1952, as a candidate for Member of the Assembly of the Twelfth Assembly District of the County of Queens of the State of New York.

This court directs the board of elections of the City of New York to print and place upon the official ballot the name of J. Lewis Fox for the office of Member of Assembly of the

County of Queens of the State of New York, to be voted for in the Democratic primary to be held on August 19, 1952, for the Twelfth Assembly District of the County of Queens of the City and State of New York.

The petition of the petitioner is dismissed.

Submit order.