In the Matter of MICHAEL LE SAWYER, Petitioner, against BOARD OF ELECTIONS OF COLUMBIA COUNTY et al., Respondents.

Supreme Court, Special Term, Albany County, September 8, 1954.

*Michael Le Sawyer,* petitioner in person.

*Thomas P. Kennedy, County Attorney,* for Board of Elections of Columbia County, respondent.

*William F. Christiana* for Republican County Committee of Columbia County, respondent.

TAYLOR, J.   Petitioner in a proceeding instituted pursuant to section 330 of the Election Law seeks to have declared insufficient, invalid and illegal a petition purporting to designate one Sherwood B. Speed as the candidate of the Republican party for the office of Surrogate of Columbia County at the forthcoming primary election.   Petitioner has filed a designating petition for the same office in the same primary election.   The petition contains 1,288 signatures.   Concededly a minimum of 458 signatures is required by subdivision 2 of section 136 of the Election Law.   The designating petition contains sixty-five sheets numbered consecutively from 1 to 65, both inclusive.   Upon the argument the petitioner specifically indicated to the court the defects and irregularities upon which he relied to invalidate the petition.   They allegedly occur on sheets numbered 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, 16, 17, 19, 21, 22, 23, 24, 26, 27, 29, 30, 31, 33, 35, 36, 38, 39, 40, 41, 42, 44, 46, 47, 48, 54, 55, 56, 57, 60, 61, 63, 64 and 65.

It is conceded by the respondents that the 298 signatures which appear on sheets numbered 1, 3, 5, 6, 7, 9, 10, 16, 22, 44, 59, 60, 61 and 63 are void and may not be counted.

The 358 signatures which appear on sheets numbered 4, 13, 15, 18, 20, 25, 28, 32, 34, 37, 43, 45, 49, 50, 51, 52, 53 and 62 were not challenged by the petitioner.

Each subscribing witness on sheets numbered 2, 8, 12, 14, 19, 21, 24, 35, 36, 41, 42, 64 and 65 authenticated his own signature. Such signatures numbering thirteen so witnessed are invalid. (*Matter of Hall* v. *Heffernan,* 185 Misc. 742, affd. 269 App. Div. 953, affd. 295 N. Y. 599.)   The remaining signatures on such sheets except those which are void for other reasons hereinafter stated are not so affected.   (*Matter of Kerns* v. *Whiting,* 187 Misc. 656.)   Two hundred twenty-three signatures appearing on these sheets may be counted.

Sheet numbered 2 is a duplication of sheet numbered 3. The signatures which appear thereon may not be counted. (Abrahams on New York Election Law, pp. 114-115; Election Law, § 136, subd. 3; § 138, subd. 6.)

The signatures which appear on sheet numbered 58 which duplicate those contained on sheet numbered 59 are void for the same reason.

The subscribing witness' statement on sheet numbered 11 did not omit the town and district as the petitioner contends. The twenty-five signatures thereon may be counted.

Signatory number 21 on sheet numbered 17 seemingly is conceded not to have been an enrollee of the Republican party. Her signature may not be counted. (Election Law, § 136.)

Filed affidavits demonstrate that six persons whose names appear thereon did not personally sign the petition. (See sheets numbered 14, 26, 30, 46 and 64.) Only the absentee signatories are thereby affected. (*Matter of Cole* v. *Winfield,* 201 Misc. 1049, affd. 280 App. Div. 883, affd. 304 N. Y. 721.)

On sheets which contain the names of eighty persons the subscribing witnesses omitted their residences. (See sheets numbered 23, 29, 39, 56 and 57.) These may not be counted. (*Matter of Brownell* v. *Cohen,* 262 N. Y. 707.)

The signature at line 9 of sheet numbered 27 is undecipherable and may not be counted. The signature at line 19 thereof is undated which renders it invalid also. The remaining signatures thereon may be counted. (*Matter of Nunley* v. *Cohen,* 258 App. Div. 746.)

The signatory at line 25 on sheet numbered 30 has not stated her address. Her signature may not be counted.

The party affiliation of the subscribing witness is omitted from his statement on sheet numbered 31 which renders its twenty-five signatures invalid. (*Matter of Neville* v. *Heffernan,* 115 N. Y. S. 2d 370, affd. 280 App. Div. 883.)

The alteration in the statement of the subscribing witness on sheet numbered 33 does not render it *ipso facto* void. There is no proof that it was made with fraudulent design or that it was not done prior to authentication. Its twenty-five signatures may be counted. (*Matter of Mastantuono* v. *Meisser,* 180 Misc. 667, affd. 266 App. Div. 919.)

Fourteen persons whose signatures appear on sheet numbered 38 are alleged to have signed the designating petition of the Democratic candidate for the same office. No proof was offered to sustain that contention. They may be counted.

The subscribing witnesses' statements on sheets numbered 40 and 47 substantially comply with the requirements of the Election Law and the signatures thereon may be counted. (Election Law, § 135, subd. 3.)

The statement of the subscribing witness on sheet numbered 48 that she last registered for a general election in 1952, indicates that she was not an enrolled member of the Republican party in 1953, as the statute requires. (Election Law, § 135, subd. 3, and §§ 157, 173, 202.) The twelve signatures thereon may not be counted.

Concededly one person whose name appears on sheet numbered 54 signed another petition for the same office. His signature is invalid. The other nineteen signatures which the sheet contains may be counted.

The use of ditto marks to indicate the residences of some signers was an irregularity not fatal to the validity of the sheet on which they appear.

From the foregoing it appears and I find as a fact that 488 signatures are invalid and that 800 signatures are valid. This is a sufficient number to sustain the petition.

No fraud or deception was practiced in obtaining the signatures to the petition. The petitioner's objections pertain to irregularities and departures from the technical requirements of the Election Law. Although what the party committeeman did in respect of the signatures which appear on sheet numbered 1 of the petition was completely improper and illegal, I feel that the candor which his affidavit discloses is a heavy weight in the scale against evil motivation. The wives and husband who signed their respective spouses' names to the petition obviously did so with their consents. In the absence of a clear demonstration of permeating fraud, forgery or confusion as to the signatures, a designating petition which contains a sufficient number of valid signatures will not be judicially rejected. (*Matter of Carusone* v. *Varney,* 277 App. Div. 326; *Matter of Lefkowitz* v. *Cohen,* 262 App. Div. 452; *Matter of Carroll* v. *Heffernan*, 201 Misc. 974; *Matter of Hannigan* v. *Heffernan,* 187 Misc. 773, affd. 271 App. Div. 774, affd. 296 N. Y. 656.)

There is no merit to the respondents' contention that the petitioner was required to object to the designating petition in the manner prescribed by section 145 of the Election Law. A candidate aggrieved may apply for relief without complying with its three-day requirement. (Election Law, § 330; *Matter of Vona* v. *Cohen,* 150 Misc. 649, affd. 240 App. Div. 827, affd.

262 N. Y. 706; *Matter of O'Connor [Babcock]*, 180 Misc. 630; *Matter of McDonald* v. *Heffernan,* 196 Misc. 465.)

Finally, reference should be made to the affidavit of the chief clerk of the Board of Elections of Columbia County in which she certifies that 590 signatures contained in the petition are genuine and the names of persons who are duly enrolled members of the Republican party of that county. The certification of a number of signatures as genuine and as enrollees of the party does not, in my opinion, establish as petitioner contends that the remaining signatures are invalid precluding their consideration by the court. Such is not binding upon the designated candidate whose name appears on the disputed petition and does not shift the burden of proof from the petitioner (*Matter of Ecker* v. *Cohen,* 239 App. Div. 145) particularly when the Board of Elections has accepted it for filing. (*Matter of Kerns* v. *Whiting,* 186 Misc. 656, *supra; Matter of Zucker* v. *Heffernan,* 300 N. Y. 456; see, also, *Schwartz* v. *Heffernan,* 304 N. Y. 474; *Matter of McGovern [Olson],* 291 N. Y. 104; *Matter of Wicksel* v. *Cohen,* 262 N. Y. 446; *Matter of Bednarsh* v. *Cohen,* 267 App. Div. 133; *Matter of Waters* v. *Cohen,* 248 App. Div. 830, and *Matter of Frankel* v. *Cheshire,* 212 App. Div. 664.)

The petition is valid in the form in which it was presented and the motion to invalidate it is denied. The interim stay contained in the order to show cause is vacated.

Submit order accordingly.