stances, the petitioner-appellant is a candidate aggrieved within the provisions of this section of the Election Law. (See *Matter of Enright* v. *Board of Elections of City of N. Y.*, 257 App. Div. 601, appeal dismissed 282 N. Y. 691; *Matter of Scott* v. *Curran*, 198 Misc. 246, revd. on other grounds 277 App. Div. 344, affd. 301 N. Y. 693.) (Appeal from order of Erie Special Term which set aside service of process and dismissed the petition.) Present — Bastow, J. P., Goldman, Halpern, McClusky, and Henry, JJ.

■ In the Matter of MARIE SCOTT, Appellant, against JAMES R. LAWLEY et al., respondents.— Order unanimously affirmed, without costs of this appeal to any party. Application for leave to appeal to the Court of Appeals unanimously denied. (Appeal from order of Erie Special Term granting motion by respondent Alice E. Fitzgibbons to dismiss the proceeding.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

## (May 27, 1960)

■ In the Matter of STEPHEN L. VUKELIC, Respondent, against WILLIAM A. HEILIG, Appellant.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: We find a sufficient number of irregularities that invalidated the signatures to reduce the number of valid signatures below the minimum required by law. While the record shows disregard of the statutory requirements, there is no evidence upon which to base a finding of fraud. However, Special Term made no such finding despite the statements on the subject in its decision. Certain general language in the opinion might lead one to conclude that appellant had "actively aided and participated in the presentation of a forged petition" but again the court below made no such finding or conclusion. (Cf. *Matter of Cole* v. *Winfield*, 201 Misc. 1049, 1052, affd. 280 App. Div. 883; *Matter of Lefkowitz* v. *Cohen*, 262 App. Div. 452, affd. 286 N. Y. 499.) It appears that appellant out of an abundance of caution checked and rechecked the designating petitions and made certain changes therein. Among other things, in various instances, the appellant changed the date that the petition had been signed or inserted therein the ward and district or town in which the signer of the petition resided. This, having been done after execution by the enrolled voter and witness, of course, invalidated the signature, but there is no evidence of intentional wrongdoing on the part of appellant. Application for leave to appeal to the Court of Appeals denied. (Appeal from order of Erie Special Term granting motion by petitioner and declaring the petition of William A. Heilig to be insufficient and void.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

## FIRST DEPARTMENT, JUNE, 1960

## (June 1, 1960)

■ FRANCESCO REALTY CORP. v. OSCAR WEINER et al.— Motion for stay granted. Concur — Botein. P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ In the Matter of WILLIAM F. PASSANNANTE against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and JOSEPH M. TOCCI et al.— Motion to dispense with printing the record on appeal and appellants' points granted. Concur — Botein, P. J., Rabin, Valente, McNally and Bastow, JJ.