■ In the Matter of THEODORE RESNICK et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and EUGENE VICTOR et al., Respondents.— In a proceeding (1) to invalidate petitions designating respondents Victor and Lerner as candidates in the Democratic Party Primary Election to be held on June 17, 1969 for nomination for the public offices of Borough President of the Borough of Brooklyn and Councilman at Large of said Borough, respectively, and (2) for injunctive relief, the appeal is from an order of the Supreme Court, Kings County, entered June 6, 1969, which (1) denied the petition in the proceeding, (2) validated the designating petitions and (3) directed the respondent Board of Elections to include respondents Victor and Lerner on the ballot as such candidates. Order affirmed, without costs. The trial court has found the petitions under attack to be sufficient in number of signatures. We affirm the findings of the court below, which establish that there are many hundreds of signatures more than the 2,500 required for the purpose of designating these two candidates, Lerner and Victor, for the respective offices designated on the petitions. In our opinion, petitioners failed to establish that the subscribing witnesses lacked sufficient information to afford them reasonable knowledge of the identity of the signers of the respective petitions. It is not necessary for the subscribing witness to " personally know " the persons whose signatures he attested (*Matter of Kaplan* [*Greenman*], 269 App. Div. 561, 563, affd. 294 N. Y. 584). The dissenting Justices take the position that, because some of these signatures were gathered in public places, as a matter of law, the petitions should be invalidated since, in their opinion, the subscribing witnesses could not possibly have had a reasonable basis for the statement contained in their (the subscribing witness') verification of knowledge of identity of the signatories. The record does not disclose this issue to have been seriously urged in the court below. Significantly, no attempt was made to cross-examine either of the respondents as to their knowledge of the identity of any signatory on any sheet contained within this petition of approximately 3,000 valid signatures. The respondents, Lerner and Victor, have for many years been politically active in the areas in which these signatures were taken. Victor testified that his activity in the area extended over a period of more than 8 years and that he has been a candidate in the area for public office on 6 different occasions. Almost 3,000 signatures not claimed to be invalid appear on these petitions; and the fact that some of them were obtained in restaurants and on the streets in a neighborhood in which these two political activists for over a long period of time have become familiar to their

constituency raised no inference to permit this court to reverse the order below that these petitions are valid. There is no rule that signatures may not be obtained in a public place by persons familiar with the signatories. The rule merely prohibits the gathering of signatures by total strangers who have no reasonable basis for belief that the signatories are in fact the persons whom they represent themselves to be. The preponderance of the evidence in this case supports the finding implicit in the determination of the court below that the subscribing witnesses' affidavits are founded in verity. In our opinion, the determination by the court below that there was a reasonable basis for the statements contained in the subscribing witness' affidavits is supported by the overwhelming weight of evidence and we therefore affirm the findings of fact below and affirm the order. Christ, Benjamin and Munder, JJ., concur; Beldock, P. J., and Rabin, J., dissent and vote to reverse the order and grant the petition and declare the designating petitions invalid, with the following memorandum: While a subscribing witness may authenticate signatures where he has acted on information affording him reasonable knowledge as to the identity of the signers (*Matter of Kaplan [Greenman]*, 269 App. Div. 561, affd. 294 N. Y. 584), we are of the opinion that the subscribing witnesses, Victor and Lerner, who were the candidates for the offices of Borough President of the Borough of Brooklyn and Councilman at Large of said Borough, respectively, did not "know" the great majority of the persons to whose signatures they attested, within the purview of section 135 of the Election Law. The record discloses that the candidates solicited and obtained most of the signatures by the use of a loud speaker in the street and by visiting restaurants, coffee shops, cafeterias and other public places. From the testimony of Victor it appears that his method of verifying the identity of the signatories consisted of asking the person solicited his name and, upon being told the name, requesting that he "sign right here", indicating the petition. Lerner testified that she gathered groups of people, called out the names and, when no one said "you are not really Sam Smith," satisfied herself as to the identity of the person signing the petition. The court must determine in each instance whether the authenticating witness, in certifying that the persons signing the petition in his presence were actually such persons, acted on information secured by such means as should satisfy a reasonable person that the information was worthy of belief. In our opinion, the record establishes that in most instances the signatures were taken of persons who were not personally known to the subscribing witnesses and from whom they did not obtain reasonable proof of identity; and that, under the circumstances adduced, the subscribing witnesses failed to have that amount of information which would have afforded them reasonable knowledge of the identity of the signers of the petitions, except perhaps in a small number of cases. We cannot condone the practice which was followed in this case.