■ In the Matter of Susan Harte, Appellant, v Faith Kaplan et al., as Commissioners of the Sullivan County Board of Elections, Respondents, and Howard Block, Respondent. (And Another Related Proceeding.) [928 NYS2d 482]—

Per Curiam.

Respondent Howard Block filed designating petitions naming himself as the Democratic Party, Republican Party, Conservative Party, Independence Party and Working Families Party candidate for the office of Town Justice for the Town of Bethel, Sullivan County in the September 13, 2011 primary election. Petitioner thereafter filed written objections and specifications with the Sullivan County Board of Elections, challenging those designating petitions, excepting the designating petition naming Block as the Democratic Party candidate, alleging that Block impermissibly notarized the signatures on his own petitions. The Board ruled that petitioner's objections were beyond its power to address as a ministerial board and allowed the petitions to move forward. Petitioner thereafter commenced this proceeding seeking to invalidate Block's designating petitions. Block then moved to dismiss the petition and, in a cross petition, sought to invalidate petitioner's designating petition as the Conservative Party candidate for the same office. Supreme Court granted Block's motion to dismiss the petition on the merits and also dismissed the cross petition as untimely. Petitioner now appeals.

We affirm. Petitioner cites no provision in the Election Law that prohibits a candidate from notarizing signatures on his or her own designating petition (*see* Election Law § 6-132 [3]), and such practice previously has been deemed acceptable (*see e.g. Matter of Bassett*, 108 Misc 461, 462 [1919]; *Matter of Bulger*, 48 Misc 584, 586 [1905]; *see also Brodsky v Board of Mgrs. of Dag Hammarskjold Tower Condominium*, 1 Misc 3d 591, 596 [2003]; *see generally Matter of Rittersporn v Sadowski*, 48 NY2d 618, 619 [1979]). We therefore reject petitioner's contention that it was improper for Block to notarize the signatures on his own petition. Moreover, considering that the signature of a notary public on a designating petition "enjoy[s] a presumption of regularity" (*Matter of Napier v Salerno*, 74 AD2d 960 [1980]) and petitioner here did not allege any fraud or impropriety, Supreme Court properly dismissed the petition.

Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.