Matter of Braunfotel v Feiden (2019 NY Slip Op 04316)





Matter of Braunfotel v Feiden


2019 NY Slip Op 04316


Decided on May 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2019-04918
 (Index Nos. 522/19, 532/19)

[*1]In the Matter of Joan Braunfotel, petitioner, David M. Ascher, appellant, 
v
Larraine S. Feiden, respondent-respondent, et al., respondents. (Proceeding No. 1)
In the Matter of Larraine S. Feiden, petitioner- respondent,Joan M. Braunfotel, et al., respondents. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Larraine S. Feiden as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Town Justice of the Town of Clarkstown, and a related proceeding, among other things, to validate the same designating petition, David M. Ascher appeals from a final order of the Supreme Court, Rockland County (Lawrence H. Ecker, J.), dated May 3, 2019. The final order, after a hearing, among other things, denied the petition, inter alia, to invalidate the designating petition and granted the petition, among other things, to validate the designating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
On the final day of the hearing, upon invalidating certain voter signatures on the designating petition of Larraine S. Feiden (hereinafter the candidate) that had been made in print rather than script, the Supreme Court, at the request of the candidate and over the appellant's objection, afforded the candidate an opportunity to submit affidavits from the voters in question attesting to their identity (see LaMarca v Quirk, 110 AD3d 808, 810; Matter of Quercia v Bernstein, 87 AD3d 652, 653; Matter of Henry v Trotto, 54 AD3d 424, 426). After the candidate submitted the additional evidence the next morning, the appellant timely objected to the admissibility of certain affidavits that had been notarized by the candidate.
As a threshold matter, the Supreme Court providently exercised its discretion in granting the candidate an overnight adjournment, i.e., until 10:00 a.m. the next day, to submit the additional evidence pursuant to Matter of Jaffee v Kelly (32 AD3d 485), and affording the appellant an opportunity thereafter to object to such evidence.
Moreover, under the circumstances presented, we decline to disturb the Supreme Court's denial of the appellant's objection to the admissibility of the affidavits that had been notarized by the candidate. While the appearance of impropriety alone should have induced the candidate to refrain from notarizing these voter affidavits, we cannot say that the potential for mischief is any different from, or greater than, the one inherent in allowing a candidate to act as [*2]notary or commissioner of deeds with respect to his or her own designating petition (see Matter of Rittersporn v Sadowski, 48 NY2d 618; Matter of Harte v Kaplan, 87 AD3d 813, 814; Matter of Nolin v McNally, 87 AD3d 804, 805). Where, as here, the limited purpose of the affidavits was to confirm the identities of the voters who had previously printed their signatures on the designating petition, the veracity of the affidavits was not challenged by the appellant, and no claim of fraud or forgery was raised (see Matter of Harte v Kaplan, 87 AD3d at 814; Matter of Jaffee v Kelly, 32 AD3d at 485), the Supreme Court providently exercised its discretion in admitting the affidavits into evidence. This case is unlike Matter of Fonvil v Morse (_____ AD3d _____ [decided herewith]), where the notary, while a party to the proceeding, was not himself a candidate, notarized an affidavit of service whereby jurisdiction over the opposing parties purportedly was acquired.
In light of our determination, we need not reach the candidate's remaining contentions.
CHAMBERS, J.P., ROMAN and BRATHWAITE NELSON, JJ., concur.
HINDS-RADIX, J., dissents, and votes to reverse the final order, on the law, grant the petition, inter alia, to invalidate the designating petition of Larraine S. Feiden, and deny the petition, among other things, to validate the same designating petition, with the following memorandum:
Larraine S. Feiden (hereinafter the candidate) collected signatures on her own behalf as a notary. Several of those signatures were ruled invalid because they appeared to be printed and did not match the signatures on the voter registration cards. The candidate was offered an opportunity to submit affidavits to establish the validity of the printed signatures. The Supreme Court received 12 affidavits from the candidate, 8 of which had been notarized by the candidate herself. The appellant objected to the admission into evidence of those 8 affidavits notarized by the candidate. Those objections were overruled, and the 8 affidavits were admitted into evidence, increasing the number of valid signatures to above the amount required. Accordingly, the petition to invalidate the candidate's designating petition was denied, and the petition to validate the designating petition was granted.
The candidate could collect signatures on her own behalf (see Matter of Harte v Kaplan, 87 AD3d 813; Matter of Nolin v McNally, 87 AD3d 804, 805). However, the 8 affidavits that were notarized by the candidate were not a mere extension of the collection of signatures. Rather, those affidavits constituted evidence admitted in judicial proceedings to prove that the signatures collected were valid. Since the candidate was an interested party both in the outcome of the proceedings and on the issue of whether she acted properly in notarizing the affidavits in question, those affidavits were nullities (see Armstrong v Combs, 15 App Div 246; Sumkin v Hammons, 177 Misc 2d 1006 [Nassau Dist Ct]). Accordingly, the petition to invalidate the candidate's designating petition should have been granted, and the petition to validate the designating petition should have been denied.
ENTER: Aprilanne Agostino Clerk of the Court